NO. 07-06-0265-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JANUARY17, 2007



______________________________




IN THE INTEREST OF M.C., B.C., AND A.C., CHILDREN




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B33879-0502; HONORABLE KEVIN C. HART, JUDGE



_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Appellant Sihibon Crawford appeals the trial court's order terminating her parental
rights to her three children. (1) The trial court found by clear and convincing evidence that
statutory grounds existed under chapter 161 of the Texas Family Code for termination of
Crawford's parental rights and also found that termination was in the best interest of the
children. In presenting this appeal, appointed counsel has filed an Anders (2) brief in support
of a motion to withdraw. (3) We grant counsel's motion and affirm.

 In support of his motion to withdraw, counsel certifies he has diligently reviewed the
record and, in his opinion, the record reflects no reversible error upon which an appeal can
be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).
Thus, he concludes the appeal is frivolous. Counsel has candidly discussed why, under
the controlling authorities, there is no error in the court's judgment. See High v. State, 573
S.W.2d 807, 813 (Tex.Cr.App. 1978). Counsel has also shown that he sent a copy of the
brief to Crawford and informed her that, in counsel's view, the appeal is without merit. In
addition, counsel has demonstrated that he notified Crawford of her right to review the
record and file a pro se response if she desired to do so. The Clerk of this Court has also
advised Crawford by letter of her right to file a response to counsel's brief. Crawford did
file a response. The Department of Family and Protective Services did not favor us with
a brief.

 When the Texas Department of Family and Protective Services commenced its
termination suit in February 2005, Crawford's children were nine, eight, and six years old. 
According to the caseworker, the facts necessitating removal included, among other facts, 
the parents' use of controlled substances, little or no food for the children, no heat, very
little furniture in the home, and deplorable living conditions. At the termination hearing, the
trial court heard evidence from the caseworker and made the following findings: (4)


 Crawford failed to comply with a court order that established the
requirements for her to obtain return of her children;
 Crawford constructively abandoned her children;
 Crawford failed to support her children in accordance with her ability;
and
 termination is in the best interest of the children.



 Counsel advances two issues which might arguably support an appeal, to-wit: (1)
denial of an oral motion for continuance and (2) sufficiency of the evidence to support
termination. Counsel then concludes that termination of Crawford's parental rights was
appropriate.

 A trial court does not abuse its discretion in denying a motion for continuance that
is not written nor verified. See Tex. R. Civ. P. 251. See also In re E.L.T., 93 S.W.3d 372,
375 (Tex.App.-Houston [14th Dist.] 2002, no pet.). The record reflects that counsel 
presented an oral motion for continuance due to Crawford's absence at the hearing. 
However, the trial court found that Crawford's absence was due to her own fault for not
keeping counsel advised of her whereabouts and denied the motion.

 Termination of parental rights is of such weight and gravity that due process requires
the petitioner to justify termination by clear and convincing evidence. In Interest of G.M.,
596 S.W.2d 846, 847 (Tex. 1980). In a legal sufficiency review of the evidence to support
an order terminating parental rights, we look at all the evidence in the light most favorable
to the finding to determine whether a reasonable trier of fact could have formed a firm
belief or conviction that its finding was true. In re J.F.C., 96 S.W.3d 256, 266 (Tex. 2002).
The standard for reviewing the factual sufficiency of termination findings is whether the
evidence is such that a reasonable factfinder could form a firm belief or conviction about
the truth of the Department's allegations. In re C.H., 89 S.W.3d 17, 25 (Tex. 2002). The
record before us demonstrates the evidence was sufficient to support the trial court's
termination order. 

 As in a criminal case, we have independently examined the entire record to
determine whether there are any non-frivolous grounds which might support the appeal. 
See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v.
State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found none. We have also
reviewed potential arguments raised by Crawford in her response and conclude they do
not present reversible error. Bledsoe v. State, 178 S.W.3d 824, 827 (Tex.Crim.App. 2005). 
After reviewing the record, counsel's brief, and Crawford's response, we agree with
counsel that the appeal is frivolous. 

 Accordingly, counsel's motion to withdraw is granted and the trial court's judgment
is affirmed.

 Patrick A. Pirtle

 Justice

1. The trial court's order also terminated the father's parental rights, but he is not a
party to this appeal.
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
3. This Court has previously held that appointed counsel may file an Anders brief in
an appeal from a parental rights termination order. See In re A.W.T., 61 S.W.3d 87, 88
(Tex.App.-Amarillo 2001, no pet.).
4. Crawford was not present at the hearing due to her incarceration in Bell County for
unauthorized use of a motor vehicle. By the time counsel discovered her whereabouts and
arranged for her presence by bench warrant, Crawford had been moved to a SAFP facility
and was unavailable for the hearing.